## Hartzell v. Hartzell

*J. Robert Stauffer*, for plaintiff.

SHUGHART, P. J., October 23, 1952.—After a return by the sheriff of "not found," service of the complaint in the above action in divorce was made by publication, as provided by law and the rules of court. The sheriff complied with Pa. R. C. P. 1124(*b*) and sent a notice of the pendency of the action by registered mail to defendant to his last known address, as set forth in the complaint. This notice was directed to the addressee only and was returned undelivered.

The notice of the hearing given by the master, as provided by local rules of court, was likewise directed to defendant at the address given in the complaint and

marked "deliver to addressee only." This likewise was returned marked "unclaimed, moved, left no address."

The master certified that he gave notice of the filing of his report recommending a decree, as provided by rule of court, to defendant at the same address listed in the complaint, which is likewise the same address where prior attempts had been unsuccessful.

We have previously indicated the importance of the actual delivery of notice of an action in divorce to defendant, where service is secured by publication. See Smith v. Smith, 1 Cumberland 35. We also, in that opinion, indicated the steps that should be taken by the master to deliver such notice.

At the hearing in this case, the testimony of plaintiff indicated several possible places where defendant might be living and, therefore, where notice might reach him. We feel, therefore, that no decree in divorce should be entered until further efforts have been made to give defendant notice of the proceedings.

An examination of the local rules, as well as the Rules of Civil Procedure, discloses that there is only one situation that requires that a notice be received by defendant personally, and that situation is where defendant is served outside the Commonwealth by sending him a copy of the complaint by registered mail. Under Pa. R. C. P. 1124(3) (b), the latter part of this section provides as follows: "Service by mail is not valid if the return receipt is not signed by him personally."

In Pa. R. C. P. 1124(b) the notice to be given by the sheriff of the pendency of the action is to be given "by registered mail to his last known residence set forth in the complaint."

Our local rules provide for notice of the hearing and notice of the filing of the report; local rules 7 and 11 provide that "notice shall be given to him or her by registered letter to the address where the master shall

have reason to believe it will be most likely to reach him or her. . . . "

We are all familiar with the fact that the postal authorities make one effort to deliver a registered letter and upon failing to do so, simply notify the intended recipient that a missive awaits his call at the post office, therefore, unless the person himself calls at the post office no delivery is effected. On the other hand, there may have been some individual at the residence, competent and qualified to accept the letter in the addressee's behalf, who would have delivered it to the addressee. It is, therefore, recommended that in the situations outlined above, where there is no requirement that there be delivery to addressee only, that the practice of so directing communications be discontinued.

Since in this case it appears that a decree in divorce would be warranted except for the failure to direct notice of the pendency of the action to defendant, we will not return the same to the master, but will issue a rule upon defendant to show cause why the decree in divorce should not be entered. This rule shall be served upon defendant by counsel for plaintiff, by registered mail, return receipt requested, directed to one or more of the various places where the testimony in the action indicates that he may be reached.

The rule shall be returnable 10 days after service and this matter may be resubmitted to the court at the expiration of that period unless an answer to the rule is filed by or in behalf of defendant.

And now, October 23, 1952, at 10 a.m., in conformity to the foregoing opinion, a rule is granted on defendant to show cause why a decree in divorce in the above-captioned matter shall not be entered, said rule to be returnable 10 days after service, and to be served upon defendant by registered mail, return receipt requested.